IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

JONATHAN ROMAN-CARRASQUILLO [6],
aka "Boto", aka "John Boto",

Defendant.

CRIMINAL NO. 12-414 (DRD)

**REPORT AND RECOMMENDATION**

Defendant Jonathan Román-Carrasquillo was charged in Counts One through Six of an Indictment and he agreed to plead guilty to Counts One and Six of the Indictment and the forfeiture allegation. Count One charges that beginning on a date unknown, but no later than in or about the year 2004, and continuing up to and until the return of the instant Indictment, in the Municipality of Carolina, District of Puerto Rico and within the jurisdiction of this Court, defendant and other persons, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of marijuana, a Schedule I, Controlled Substance; within one thousand (1,000)

feet of the real property comprising housing facilities owned by a public housing authority, to wit: El Coral, Lagos de Blasina and El Faro Public Housing Projects. All in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 860.

Count Six charges that beginning on a date unknown, but no later than in or about the year 2004, and continuing up to and until the return of the instant Indictment, in the Municipality of Carolina, District of Puerto Rico and within the jurisdiction of this Court, the defendant herein, along with other persons, aiding and abetting each other, did knowingly and unlawfully use and carry firearms as the term is defined in Title 18, United States Code, Section 921(a)(3), during and in relation to a drug trafficking crime as charged in count one (1) of the instant Indictment. All in violation of Title 18, United States Code, Section 924(c)(1)(A).

On September 11, 2013, defendant appeared before this Magistrate Judge, since the Rule11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Counts One and Six of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Counts One and Six, he was examined and verified as being correct that: he had consulted with his counsel, Lydia Lizarribar-Buxó, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right

not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Lizarribar-Buxó, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count One is a term of imprisonment of not less than ten (10) years and a up to two (2) terms of life, a fine not to exceed twenty million dollars ($20,000,000.00) and a term of supervised of not less than ten (10) years in addition to any term of incarceration, pursuant to Title 21, United States Code, §§ 841(b)(1)(A), 846 and 860.

However, based on the stipulated and agreed amount of narcotics possessed by the defendant, that is, at least two (2) kilograms but less than three point five (3.5) kilograms of cocaine, the defendant faces a minimum sentence of five (5) years of imprisonment and a maximum term of imprisonment of eighty (80) years, a fine not to exceed ten million dollars ($10,000,000.00), and a term of supervised release of not less than eight (8) years in addition to any term of incarceration, pursuant to Title 21, United States Code, §§ 841(b)(1)(B), 846 and 860.

The penalty for the offense charged in Count Six of the Indictment is a term of imprisonment of not less than five (5) years and up to life imprisonment, to be served consecutive from any other Count of conviction; and a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), and a term of supervised release up to five (5) years, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(I).

Defendant shall also pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, for a total of two hundred dollars ($200.00).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement (Pursuant to Rule 11(c)(1)(B) FRCP)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Counts One and Six, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized she explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

The above-captioned parties' estimate and agreement that appears on pages five and six, paragraph seven of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. As to Count One, the Base Offense Level is of Twenty-Eight (28), pursuant to U.S.S.G. § 2D1.1(c)(6), for at least 2 kilograms but less than 3.5 kilograms of cocaine. Pursuant to U.S.S.G. § 2D1.2(a)(2), an increase of one (1) level is agreed for protected location. Pursuant to U.S.S.G. § 3B1.1(c), an increase of two (2) levels is agreed for leadership role. Pursuant to U.S.S.G. § 3E1.1, a three (3) level decrease is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twenty-Eight (28), yielding an imprisonment range of seventy-eight (78) to ninety-seven (97) months if the Criminal History Category is I.

As to Count Six the United States and defendant submit that pursuant to United States Sentencing Guidelines § 2K2.4(b), a defendant that is convicted of violating 18 U.S.C. § 924 (c)(1)(A), has a guideline sentence equal to the minimum term of imprisonment required by statute. In the present case, pursuant to 18 U.S.C. § 924(c)(1)(A)(I), there is a minimum term of imprisonment of sixty (60) months.

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

The parties recommend the following: As to Count One the total adjusted offense level, assuming application of the above described Guidelines, would be twenty-eight (28). The parties agree to recommend a sentence of eighty-four (84) months of imprisonment if defendant's criminal history category is I. Should defendant's criminal history category be

II or higher, the parties agree to recommend the lower end of the applicable guideline range for a total offense level of twenty-eight (28).

As to Count Six, the parties agree to recommend that defendant be sentenced to sixty (60) months of imprisonment, consecutive to the term imposed for Count One. The parties agree that any recommendation for a term of imprisonment of less than one hundred and forty-four (144) months, will constitute a breach of the plea agreement.

The United States and the defendant agree that no further adjustments or departures to defendant's base offense level shall be sought by parties.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Statement of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was able to understand the explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

At sentencing, the United States shall request the dismissal of the remaining counts of the Indictment, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph eight (8) which was read to

defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with her client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Counts One and Six, and was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Counts One and Six of the Indictment and the forfeiture allegation in Criminal No. 12-414 (DRD).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One and Six of the Indictment in Criminal No. 12-414 (DRD).

**IT IS SO RECOMMENDED.**

The sentencing hearing is set for December 13, 2013 at 9:30 a.m. before Honorable Daniel R. Domínguez, District Court Judge.

San Juan, Puerto Rico, this 11th day of September of 2013.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE